In The United States District Court For
The Eastern District Of Pennsylvaina.

United States of America                    Criminal Action #
                Plaintiff          RECEIVED 13-00179-02
        V.                          MAY 2 3 2014
Robert Mansfield
        Defendant

## Motion For Downward Departure

Now on this day May 19th, comes the Defendant
Robert Mansfield, Respectfully asks the court for
a order of a downward departure, Of the Defendant
Sentence based on the evidence enclosed.

The Sentencing reform act, 18 USC § 3551 Et.
SEQ, imposes an overarching instruction that District
Courts must select a sentence sufficient but not
greater, Than necessary to achieve the sentence
goals in section, 3553 (A)(2) Kimbrough V. U.S.
128 S. Ct 558, 570 (2003). Those goals include the
need for the sentence to (A) Reflect the seriousness
of the offense, Promote respect for the law, and
provide Just Punishment, (B) Afford adequate Deterrance
to criminal conduct, (C) Provide the defendant with
educational or Vocational, training, Medical care, or
other correctional treatment in the most effective
Manner. Gall, at 597 N.6 to arrive at a
sentence that service the goals without being
greater then necessary. The act directs the Judge
to consider the many factors listed in § 3553
(A)(1)-(7). These Considerations are more then a
laundry list of discrete sentencing factors. They

comprise a tapestry of factors through which runs an overarching principle. The courts duty to construct a sentence that is minimally sufficient

## Criminal Action

To achieve the broad goals of sentencing United States V. Rodriguez, 527 F.3d 221, 228 ~~United~~ (1st cir. 2008).

The court places nothing off-limits for Distric courts. All guidelines are advisory and a Judge may Determine that any within Guideline Sentence is Greater then necessary to serve the objectives of sentencing. Kimbrough, At 564. District courts may not simply defer to policies of the commission. Rita, At 2468. Judges may disagree with the guidelines range based soley on policy grounds even in a mine-run case with out Justifying this disagreement based on an individualized determination that they yeild an excessive Sentence in a particular case. Spears V. U.S., 129 S.ct 840, 843 (2009), Kimbrough At 567-569. Rita, Kimbrough, and spears support this power even when the guidelines Provision is a direct reflection of a congressional Directive, Rodriguez, 522 F.3d At 230 or where that disagreement applies in ~~the~~ other "mine-run" situations, or to a wide class of offenders or offenses. Kimbrough At 574-575, Spears At 843.

## Departures

1. Criminal history category over-represents the

seriousness of Past criminal conduct or exaggerates a defendants propensity to commit crimes:

(1)(A.)   The defendants Possession with intent to distribute marijuana on 8-9-2005 and was adjudged guilty and was sentenced to 1½ years of confinement (suspended) and two years of probation (unsupervised). Defendant did not understand at the time he pled guilty that it was a felony that he was pleading to. He was still under the influence of pain medication from a motorcycle accident and did not understand it was a felony.

(1)(B)   The defendants Possession with intent to distribute Oxycodone ▓▓▓▓ (Percocet) on 2-4-2008 and was adjudged guilty and sentenced to a relaxed sentence of Three (3) years of confinement. Defendant needed them for his reconstructed foot due to a motorcycle accident but wasn't under a prescription from a doctor at the time. Defendant seen the parole board in the state of Maryland and was given a delayed release at 9 months in to his sentence and the stipulation was to be paroled to home or this detainer which ever the case ▓▓▓▓ May be.

The Defendant relies on cases such as:

(A) U.S. v. Huerta Rodriguez, 355 F. Supp. 2d 1019 (D. Neb. 2005).:

Post Booker, Court imposed 36 month rather then 70-87 months in part, Because the court would have departed for over stated criminal history when Prior occured nearly 10 years before.

(B) U.S. v. Hammond, 37 F.Supp. 2d 204-205 (E.D.N.Y. 1999).:

Departing from category VI to III where defendant had no history of violent behavior [And His] Prior arrests resulted from minor drug crimes involving facilitation of the sale of Drugs and the kind of petty criminality associated with a poor addicts attempt to aquire money for the purchase of ~~narcotics~~ narcotics.

(C) U.S. v. Mishoe, F.3d 214, 219 (2nd cir. 2001):

Stating that the sentencing court could consider the amount of drugs involved in the prior offenses, defendants role in the offense. The sentence previously imposed and the amount of time previously served compared to the sentencing range called for by the guidelines.

2. Family circumstances or where Incarceration would have a harsh effect on innocent family members.:

(2)(A)  The defendant is a father of a new baby girl. Defendants girlfriend has ~~many~~ many Medical problems which effect her out of no-where. The most notable is her Kidney problems, which she has been admitted to the hospital many time's. Her medical problems ~~~~ make it hard for her to keep a job because of always having to take off due to the pain and hospital visits. With out the Defendant around to help support for the family, his girlfriend will have to rely on public assistance from the government. His girlfriend also needs to see a specialest which she cant do

because at the moment she is a full time mother.

(2)(B)   The defendant's grandmother has suffered strokes and heart attacks since his incarceration. Which forced his Aunt and Uncle to have to move from Chicago to Baltimore, to help the grandmother. Defendant was the person to care for his grandmother and do the ████ house repairs ect. Also the defendant Plays a big role in taking care of his neice and nephew.

### The defendant relies on cases such as :

(A) U.S. v. Boeka, 2006 WL 3780400 (D. Neb. Dec. 20, 2006):
The court imposed a 12 month and one day for Bank Robbery in which a cheez-it box was disguised as a Bomb, And the government did not oppose departing based on extraordinary Family circumstances.

(B) U.S. v. Najjar, 1997 U.S. App. Lexis 3724, NO. 96-1478, 1997 WL 87231 (2nd cir. Mar. 3, 1997).:
Affirming a departure where, inter alia, incarceration of the defendant would deprive the family of a means of support.

3. Coercion and Duress wheras the defendant and or his family was threatened with serious physical harm.:

(3)(A)   The defendand entered into the instant offense to stop the threats of harm to his family, From a Mexican Drug cartel.

(3)(B)   Since the defendant has been incarcerated the defendants family has been threatened again due to a ~~xxxxxx~~ City newspaper Blog on the internet. The blog wrote about the defendant recieving Drug's from the Mexican Drug cartel. The Cartel send word to the defendants family - Stating that because of what they read on the internet they are ~~xxx~~ afraid the defendant is going to "Snitch", that if he does they will "Get" him. And IF they cant get to him then they are coming after his family. Thet they have his mother and step fathers Address, and his father, ~~xxx~~ sisters, and girlfriend/childs address.

<u>The defendant relies on Cases such as:</u>

(A) <u>U.S. V. Flor Jurado-Lopez , 338 F. Supp. 2d 246;</u>
<u>2004 U.S. Dist. LEXIS 20040</u> :
    A Twelve (12) level downward departure was warranted for coercion and duress where ~~xxxxx~~ defendant, A "mule" in a herion trafficking Conspiracy, was forced to participate due to threats ~~xx~~ made to her and her family.

(B) <u>U.S. V. Jaber 362 F.supp. 2d 365 (D. Mass. 2005)</u> :
    The defendant had no knowledge or control over, The amount, or Purity of the drugs. (Departure from 57 months to probation granted in a meth conspiracy inpart because defendant was a mere functionary who took orders from a Codefendant, and the amount of pseudo-ephedrine that passed ~~xxxxx~~ through his hands reflected Someone else's decisions.

(c) U.S. v. Crawford, 2007 WL 2436746 (E.D. Wisc. Aug. 22, 2007):

District court granted a variance from the guidelines due to the defendants Family Situation with 5 Kids and the impact ~~incarceration~~ incarceration would have on the Kids, Futhermore the defendant was forced to participate in the conspiracy.

4. Departure based on extraordinary confinement of a Federal inmate in a non-federal, Pre-trial, Pre-sentence Institution.:

(A) U.S. v. Brinton, 139 F.3d 718-725 (1998):

Where the sentencing Judge exercised his discretion under U.S.S.G. 5K2.0 (a)(2) Authorizing the court to depart if there exists an aggravating or mitigating circumstance in a case under 18 U.S.C. 3553 (b)(1) of a Kind not taken into Concideration in the guidelines. See; 5K2.0 Commentary-Application Notes: 3 (A) & (B).

## Statement of facts

In this and other districts there have been downward departures from the guidelines range for the offense levels, have been awarded for these factors, having not been mentioned in the Sentencing guidelines. In such cases, The Supreme Court has set forth the procedure to be Followed. Therefore, this matter that is

being presented to this court Pertaing to a downward departure. Downward departures based

On extraordinary confinement of federal Inmates in a Non-Federal facility. See; U.S. v. Brinton, 139 F.3d 718-725 (9th Cir. 1998); U.S. v. Insuasti, 96-73-3 (drd) (D.N.J.) Departure, U.S.S.G. 5K2.0 Federal inmate in a non-federal Pre-trial, Pre-sentencing facility.

Being a federal inmate under pre-sentencing confinement at George W. Hill Correctional Facility for 3½ months Constituted deliberate indifference of treatment. Federal inmates are given privileges such as visitation, Medical treatment, Law library, classification, Grievance procedures, telephone Calls, and E-mail ect. In contract while being housed at George W. Hill Correctional facility, federal inmates are subject to:

(A)(1) <u>Inadequate Legal Library :</u>
The administration placed the library at the facility in the authority of an untrained worker, who has no certification to operate the law library. We have to go through the worker to look up Cases. If you don't know the name and case number, you cant get anything at all. Also you are ~~limited~~ limited to 10 Cases a week. We only get 1 hour a week to access the legal library. The legal library does not have the LexisNexis Platinum Edition as the Federal ~~XXXX~~ Institution, and is Suited for state law research. The Federal Institution provides Imates with legal library access and typewriters on the housing unit, which literally amounts to 112 hours per week in comparison to the 1 hour a week at G.W.H.C.F. and in the federal Facility you are able to research as much as you need too.

(A)(2)  Medical:

Not providing adequate medical assistance to those who have health issues. When placing written request for medical treatment it takes a week or longer to get seen by medical staff. Sometimes it takes a number of attempts. I had to write several grievances Just to get seen.

I was also seen for my reconstructed foot and cronic Back, neck, knee, and wrist pain, Due to a motorcycle accident. I have problems sleeping because of the uncomfortableness and pain. I was told I could get motrin but could not self medicate, Meaning I had to take them when the nurse come around to give them out which was never on a schedule. Some days it was 7 pm, others it was after 11pm. I needed them right before bed So I could be somewhat comfortable to be able to sleep. At the federal facility you can have the meds in your possession. Which allows you to take them when needed.

(A)(3)  Attorney:

Time to make non-recorded legal calls from designated areas are limited. Inmates are usually locked down during reasonable calling hours to be able to consult with their attorney. Attorney visits are in the common visiting Area that are open to everyone to hear what is being said. The Federal facility there are private booths to speak with your attorney.

(A)(4)  Hygiene:

At G.W.H.C.F. Inmates are subject to inadequate Hygiene. They dont sell nail clippers,

Floss, or Q-tips. You have to buy your under-ware, socks, and t-shirts, which are issued to you at the Federal facility. It cost inmates the amount of $38.15 to get the clothing you are provided at the Federal facility. There are no hooks or any place to hang your towel or wash cloth after using them. which the Federal facility has hooks so you can hang your stuff so it can dry and not smell like mildew and mold.

(A)(5) Religon :

    There are no Christian Services, And when requesting anything from the facilities ~~chaplain~~ chaplain it takes weeks to get a response.

(A)(6) visitation :

    At G.W.H.C.F. visits are for 1 hour, once a week on a Tuesday or Thursday. Between 9am to 2pm. We were not able to get weekend or evening visits, which is allowed for the county inmates. At G.W.H.C.F. there are no walk-in visits available. It is listed as private property and do not allow you to enter the premises without the means of legal motor vehicle. visitors are not allowed to walk onto the property. This causes undue stress on family members, and friends because they have to take time off work, and children have to miss school. Wheras at the Federal facility they allow 2 hour visits and visits on saturday. At G.W.H.C.F. they do not allow your family to bring in any accessories for a baby. At the Federal facility they can bring a bottle, Pacifier, Blanket, and diapers ect.

(A)(7)   Mail:

Incoming mail was recieved late including money orders. Some letters were recieved 2 to 3 weeks After the post marked date. There were some letters that were never recieved or returned to the sender. Outgoing ~~incoming~~ Legal mail is not signed and secured as it is at the federal facility, which leads to unnecessary mental agony for inmates writing their Attorney.

(A)(8)   Personal Property:

No means were available to lock legal documents, personal pictures, and letters recieved from family, friends, and their attorney. Federal Institutions give the ability to buy locks for our lockers.

(A)(9)   Lockdown:

Federal inmates housed at G.W.H.C.F. suffer harsh, cruel, and unusual punishment due to being Constantly locked down for 16.5 hours a day in their cells. The cells are dirty and smell bad. We are not provided with anything to sanitize and clean our cells (workers clean the common area only). The air tempature was either extreemly cold or overly hot. Somtimes it would alternate back and forth throughout the day. Federal inmates housed at federal Pre-trial institutions dont suffer from these harsh and unsanitary conditions. They are only locked down for 9.5 hours a day, and each cell is provided with anti-Bacterial solution and AJAX-Bleach to sanitize the cells.

1 of 15

(A)(10)   Grievance Procedures:

Dealing with issues by written request for

Our concerns or Problems which arise and illicit a response, were usually not responded to because Federal inmates are treated with Bias-Stating they are temporary.

(A)(11) Food :

All 3 meals that are designated and served to the housing units were always cold, and of Small portions. When reported to staff, they we ~~cant~~ indifferent and stated that they cant help, and the whole prison is like that, That I could eat my tray or refuse it, But offered no solution to the problem. The tray's were always dirty from prior meals due to not being cleaned properly. We had to re-use a disposable Spork for weeks as a eating ~~an~~ utensil. They passed out new ones every month.

(A)(12) Telephones :

Federal inmates are placed under undue finacial Constraints to pay for each call made from G.W.H.C.F. The local calls cost $2.50 connect fee and $0.05 a minute. The long distant calls cost $3.00 connect fee and $0.69 a minute, plus tax and a government fee. When your family sets up a phone account they have to go through Inmate telephone Inc. (I.T.I) which is the service provided by G.W.H.C.F. They make your family pay before you can even talk to them, And you have to have more then $10.00 on your ballance or you can not make any calls. The Federal Facility charges $0.06 a minute for local calls and ~~xxx~~ $0.21 a minute for long distance

with no connection fee. Also they have access to Email to contact family and Attorney.

(A)(13) Commissary:

      The excessive abuse by over charging of items is another form of undue finacial constraint. At Federal facility the same items for sale are sold for enormously lower prices. The difference in price is outragous. It is a burden on our families to have to send extra money so we can buy the basic items to get by and make sure we have enough to eat. Here is a list of some Basic items and the difference in prices:

| Cosmetics | FDC | G.W.H.C.F. | Equivalent cost Difference |
|---|---|---|---|
| Ivory soap 4 PK. | $3.05 | single $1.38 | $2.47 more |
| VO5 shampoo | $1.75 | $4.24 | $2.49 |
| Disposable tooth brush | $0.15 | $2.25 | $2.10 |
| Deodorant 3. oz | $3.00 | 1.4oz $3.18 | $3.36 |
| ~~Razornnnnn~~ Razor 10 PK. | $1.70 | single $0.90 | $7.30 |

| Food items | | | |
|---|---|---|---|
| Ramen soup | $0.30 | $0.60 | $0.30 |
| Peanut butter 18 oz | $3.00 | 1.2oz $0.60 | $6.00 |
| Cheese squeez 16oz | $3.25 | 2oz $0.70 | $2.35 |
| Mayo 16oz | $2.25 | 0.4oz $0.40 | $13.75 |
| Instant rice | $1.00 | $2.50 | $1.50 |
| Sausage | $1.75 | $3.00 | $1.25 |
| Tuna | $1.75 | $3.00 | $1.25 |
| Mackeral | $1.15 | $2.20 | $1.05 |
| Oatmeal 10 PK | $2.60 | single $0.50 | $2.40 |
| Swiss roll cakes | $1.75 | $3.15 | $1.40 |
| Tea bag 48 count | $1.85 | single bag $0.15 | $5.35 |
| Chips 6 oz | $1.25 | 1.5oz $0.95 | $2.55 |

3 of 15

    In the District court of New Jersey Judge Liftland in The United States v. Navarro,

criminal No. 93-588-14 (JCL), and Judge Debernoise in The United States v. Insuasti, criminal No. 98-33-3 (DRD) granted a downward departure. Because the sentencing Commission did not adequately take into consideration the possibility of the qualitatively different sub-standard pre-trial, and pre-sentencing confinement for federal inmates due to similar circumstances. In Brinton, The Judge awarded the defendant a thirty (30) months downward departure based on 2½ months in state custody while awaiting Sentencing. In United States v. Hernandez-Santiago the court departed downward 3 offense levels due to his incarceration of 22 months in a state facility awaiting sentencing. The court viewed it as a "Harsher incarceration" then federal imprisonment. Also in U.S. v. Ortiz, 2007 WL 4208802 (D. N.J. Nov. 27th 2007): The court varried from the guidelines based on the horrible prison conditions where the defendant was being held.

This court is now charged with the obligation of sentencing the defendant. The sentencing range imposed by the sentencing guidelines would require the defendant to be incarcerated.

However, significant mitagating circumstances exist that apply to circumstances of this case, and were not adequately taken into consideration by the guidelines based on the foregoing of this Affiant respectfully request that this court issue a order permitting a downward departure from the sentencing guidelines, or in the alternative of imposing

a sentence in accord with this request for a downward departure, Along with whatever and farther relief that the court deems proper.

The statements in this motion are made in truth and good faith for reasons set therin.

Date:
May 20th, 2014

Respectfully submitted,
Robert Mansfield

Robert Mansfield  # 56490037
Federal Detention Center Philadelphia
P.O. Box 562
Philadelphia, PA 19105

15 of 15